UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON C. WILLIAMS,

    Plaintiff,

v().  Case No. 8:21-cv-639-AAS

KILOLO KIJAKAZI,[1]
Commissioner,
Social Security Administration,

    Defendant.
_____/

### ORDER

Jason C. Williams moves for attorney's fees, costs, and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. Section 2412. (Doc. 29). The Commissioner does not oppose the motion. (*Id.* at p. 2).

Mr. Williams requests $5,625.78 in attorney's fees, $442.00 for the filing fee and service of process, and $14.32 for service by certified mail. The EAJA permits awards for reasonable attorney's fees and costs to a prevailing party against the United States. 28 U.S.C. § 2412. A January 21, 2022 order remanded the case to the Commissioner under sentence four of 42 U.S.C.

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* section 205(g) of the Social Security Act, 42 USC 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

Section 405(g) for further administrative proceedings. (Doc. 27). The Clerk entered judgment in favor of Mr. Williams. (Doc. 28).

The Commissioner does not contest the following: Mr. Williams is the prevailing party; Mr. Williams's net worth was less than $2 million when he filed his complaint; and the Commissioner's position was not substantially justified; and the Commissioner has no objection to the requested award of attorney's fees, costs, and expenses. A court should grant a Social Security claimant's request for attorney's fees and costs when it is unopposed. *See Jones v. Colvin*, No. 8:13-cv-2900-VMC-AEP, 2015 WL 7721334 (M.D. Fla. Nov. 30, 2015) (awarding unopposed attorney's fees request). No special circumstances make an award of attorney's fees, costs, and expenses in this matter unjust. Thus, Mr. Williams is entitled to $6,0821.10 in attorney's fees, costs, and expenses.

Attorney's fees awarded to a claimant under the EAJA can be offset to satisfy the claimant's pre-existing debt to the United States. *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). Following this order, the United States Department of the Treasury will determine whether Mr. Williams owes a debt to the United States. Mr. Williams assigned his rights to EAJA fees to his attorney. (Doc. 30, Ex. 1). If Mr. Williams has no federal debt, the United States will accept his assignment of EAJA fees and pay the fees directly to counsel.

Accordingly, Mr. Williams's motion for attorney's fees under the EAJA (Doc. 29) is **GRANTED**. Mr. Williams is awarded **$6,082.10** in attorney's fees.

**ORDERED** in Tampa, Florida on April 27, 2022.

_Amanda Arnold Sansone_
AMANDA ARNOLD SANSONE
United States Magistrate Judge